# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA C. RODRIGUEZ, | Case No. EDCV 13-00047-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On January 16, 2013, Teresa C. Rodriguez ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on April 18, 2013. On July 30, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 48-year-old female who applied for Supplemental Security Income benefits on July 27, 2007. (AR 70, 198-202.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since July 27, 2007, the application date. (AR 72, 92.)

Plaintiff's claim was denied initially on October 18, 2007, and on reconsideration on January 10, 2008. (AR 70.) Plaintiff then sought review and on April 15, 2009, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Jay E. Levine in San Bernardino, California. (AR 70.) Claimant appeared and testified at the hearing with the assistance of a Spanish interpreter. (AR 70.) Vocational expert ("VE") Sandra M. Fioretti also appeared and testified at the hearing. (AR 70.)

The ALJ issued an unfavorable decision on July 20, 2009. (AR 70-78.) At that point, the record included treatment records from 2002 (AR 233-75), the report of an internal medicine consultative examination (AR 257-65), and opinion evidence by State agency review physicians. (AR 266-76.)

The Appeals Council reviewed the case, and on review remanded the case to the ALJ. (AR 80-83.) In its remand order, the Appeals Council directed the ALJ to enter the medical assessment of Claimant's ability to do work related activities form into the record as an exhibit, obtain additional evidence concerning Claimant's impairments from Dr. Bolivar, and, if warranted, obtain supplemental evidence from a VE. (90.)

On remand, the ALJ secured treatment records from Dr. Bolivar (AR 294-340), an opinion letter from Dr. Bolivar (AR 355-57), some other treatment records (AR 281-93), and an orthopedic consultative examination. (AR 341-354.) The ALJ then held a supplemental hearing on April 28, 2011, in San Bernardino, California. (AR 90.) Plaintiff testified with the assistance of a Spanish interpreter (AR 90) and was represented by counsel. (AR 90.) VE Roxane L. Minkus also appeared and testified at the hearing. (AR 90.)

The ALJ issued an unfavorable decision on May 20, 2011. (AR 90-102.) The Appeals Council denied review on November 13, 2012 (AR 1-3), leaving the 2011 hearing decision as the final agency decision now before the Court.

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1. Whether at Step 2 the ALJ properly rejected Plaintiff's wrist impairments as non-severe.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

**THE SEQUENTIAL EVALUATION**

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not

less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform

other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since July 27, 2007, the application date. (AR 92.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: lumbar strain, cervical strain and right shoulder strain. (AR 92-94.) The ALJ also made a specific finding that Plaintiff's medically determinable wrist impairments were not severe. (AR 93.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 94.)

The ALJ then found that Plaintiff has the RFC to perform a range of light work with the following limitations:

> Claimant is limited to frequent bending and stooping; and occasionally overhead lifting with the right dominant upper extremity.

(AR 94-99.) In determining the RFC, the ALJ made an adverse credibility determination which is not challenged here. (AR 95.)

At step four, the ALJ found that Plaintiff is able to perform her past relevant work as a delivery person. (AR 99.) The ALJ also found that there are other jobs that exist in significant numbers in the national economy that Plaintiff also can perform, including bench assembler, cashier and production assembler. (AR 100-101.)

Consequently, the ALJ determined that Claimant has not been disabled within the meaning of the Social Security Act at any time since July 27, 2007. (AR 101.)

5

**DISCUSSION**

**I.   THE ALJ'S NONSEVERITY FINDING IS SUPPORTED
     BY SUBSTANTIAL EVIDENCE**

Plaintiff contends that the ALJ's step two finding that her wrist impairment is not severe is unsupported by substantial evidence. The Court disagrees.

**A.   Relevant Law Regarding Step Two Severity Findings**

At step two of the sequential inquiry, the ALJ determines whether the claimant has a medically severe impairment or combination of impairments. Bowen v. Yuckert, 482 U.S. at 140-41. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. The ALJ, however, must consider the combined effect of all the claimant's impairments on his ability to function, regardless of whether each alone was sufficiently severe. Id. Also, the ALJ must consider the claimant's subjective symptoms in determining severity. Id.

The step two determination is a de minimis screening device to dispose of groundless claims. Bowen v. Yuckert, 482 U.S. at 153-54. An impairment or combination of impairments can be found nonsevere only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work. SSR 85-28; Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2006); Smolen, 80 F.3d at 1290; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988) (adopting SSR 85-28). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential process should not end at step two. Webb, 433 F.3d at 687 (adopting SSR 85-28).

**B.   Analysis**

Plaintiff suffered a left wrist fracture or break with a machinery accident in 1980. (AR 341, 258.) Plaintiff asserts a loss of grip strength or hand weakness as evidence of severe wrist impairments, and contends that the ALJ erred at step two of the sequential process in not finding these impairments severe.

The ALJ explicitly addressed Plaintiff's left wrist impairment at step two and made the following findings:

> There is objective evidence in the medical record that the claimant has been evaluated and treated for a fracture of the left wrist, which has since healed. There is no objective medical evidence to support that this condition has lasted or can be expected to last for a continuous period of not less than 12 months. This impairment did not cause more than minimal limitation in the claimant's ability to perform basic work activities. No further aggressive treatment was recommended or anticipated for this condition. Accordingly, the claimant's medically determinable impairment of status post fracture of the left wrist is nonsevere.

(AR 93.)

Plaintiff disputes these findings on two grounds, arguing that Plaintiff's wrist impairments existed throughout the relevant period and that medical evidence did not clearly establish that they were not severe. The Court disagrees.

The ALJ's nonseverity findings are supported by substantial evidence. Consulting internist Dr. Nicholas Lin provided a report dated October 1, 2007 (AR 257-262) that found both right and left grip strength to be zero but attributed those results to "suboptimal effort." (AR 259.) He found "no evidence of tenderness to palpation of the wrists," with normal range of motion on the right (AR 260) and "mild limitation of left wrist flexion and extension." (AR 97, 261.) He assessed a RFC for medium work. (AR 97, 262.)

More recently, Dr. Bunsri Sophon provided a complete orthopedic evaluation report and RFC dated March 17, 2011. (AR 341-353.) He found limited grip strength (AR 343) but no evidence of tenderness, swelling or deformity of the left wrist. (AR 344.) There was some limited range of motion in the wrists. (AR 98, 344.) Range of motion of the hands was normal. (AR 344.) There was no muscle atrophy in the forearms. (AR 344.) Dr. Sophon imposed no manipulative limitations and assessed a medium work RFC. (AR 98, 345.)

State agency reviewers also assessed medium work RFCs. (AR 99.) The ALJ, moreover, rejected the assessment of Plaintiff's treating physician, Dr. Bolivar, a finding Plaintiff does not challenge here. (AR 98-99.)

The ALJ also made an adverse credibility finding which Plaintiff does not challenge. (AR 95-96.) In addition to inconsistency with the objective medical evidence, the ALJ found daily activities and long distance travel inconsistent with disabling limitations. (AR 95.) Most importantly, the ALJ found Plaintiff's medical treatment to be routine and conservative in nature, with no further aggressive treatment in regard to Plaintiff's wrist impairments. (AR 93, 96.)

Thus, this is not a case where the ALJ was unable to determine clearly the effect of Plaintiff's impairments on her ability to work. See Webb, 433 F.3d at 687. Quite to the contrary, the ALJ's non-severity determination is supported by substantial evidence as summarized above.

Plaintiff's challenges to the above non-severity determination lack merit. Plaintiff disputes the ALJ's finding that there was no objective medical evidence Plaintiff's wrist condition has lasted or could be expected to last 12 months. (AR 93.) Plaintiff, however, relies solely on Dr. Sophon for this contention. Yet Dr. Sophon found no evidence of tenderness, swelling or deformity in the left wrist. (AR 344.) He did find mild restriction in the range of motion of the left wrist (AR 344) but nonetheless found Plaintiff capable of medium work without any specific limitations due to Plaintiff's wrist impairments. (AR 345.) This is objective medical evidence that Plaintiff's wrist impairment was not severe, as the ALJ determined. (AR 93.)

Plaintiff's other contention is that Dr. Sophon's grip strength findings indicate that both wrists are severely impaired, and the ALJ's error in not so finding affected the entire sequential process. As the Commissioner correctly observes, however, the ALJ found other severe impairments and was required to proceed with the remaining steps in the sequential process anyway, as he did. See 20 C.F.R. § 416.920(a)(4)(ii). As a result, the ALJ was required to consider all limitations, severe and nonsevere, in determining a claimant's RFC. SSR 96-8p ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are 'not severe'"). For that matter, the fact that an

impairment is found to be severe at step two of the sequential process does not necessarily translate to work-related limitations in the RFC at step four or five of the sequential process. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007) (step two and five determinations require different levels of severity). Thus, even if the ALJ erred in not finding Plaintiff's wrist impairments severe, the error is harmless because Dr. Sophon and Dr. Lin, fully aware of any limitations due to Plaintiff's wrist impairments, severe or nonsevere, did not assess any limitations regarding those impairments other than the general limitation to medium work. See Carmickle v. Comm'r Soc. Sec. Adm., 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ's RFC is supported by substantial evidence, including the opinions of Dr. Sophon, Dr. Lin and State agency reviewers, the rejection of Dr. Bolivar's assessment and the adverse credibility determination.

        Plaintiff argues that the evidence regarding the effect of Plaintiff's grip strength on her ability to perform basic work activities like lifting and carrying was ambiguous and unclear, requiring the ALJ to inquire further. Thomas, 278 F.3d at 958. Yet Plaintiff relies in part on Dr. Bolivar whose opinion the ALJ rejected, a finding Plaintiff does not challenge. Plaintiff also complains that the record is incomplete because Dr. Sophon did not explain why he believed Plaintiff could lift up to 50 pounds given his objective findings regarding grip strength. To the contrary, Dr. Sophon's report found no evidence of tenderness, swelling or deformity in the left wrist, normal range of motion in the hands, and no muscle atrophy in the forearms (that would limit lifting and carrying), all of which support Dr. Sophon's RFC for medium work with no manipulative limitations. (AR 344, 345.) The RFC determination, moreover, is not a medical opinion but a legal decision or administrative finding reserved to the Commissioner based on consideration of all the evidence, including medical evidence, lay witness testimony and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e); Robbins, 466 F.3d at 883. The ALJ's reliance on Dr. Sophon's findings and opinions coupled with his adverse credibility finding more than support the RFC assessed.

        Thus, the ALJ had no duty to recontact Dr. Bolivar or Dr. Sophon. An ALJ is required to recontact a doctor only if the doctor's opinion is ambiguous or insufficient for the ALJ to make a

determination of disability. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) (citing 20 C.F.R. § 404.1562(e)). Where other evidence in the record is adequate to determine disability, there is no duty to recontact any doctors. Id. The ALJ here thoroughly reviewed the evidence and had an adequate basis for the RFC assessed. The ALJ was not required to include limitations in the RFC unsubstantiated by objective medical evidence or based on discredited subjective complaints. Thomas, 278 F.3d at 959-60; Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Copeland v. Bowen, 861 F.2d 536, 540-41 (9th Cir. 1988).

Plaintiff disagrees with the ALJ's interpretation of the evidence regarding Plaintiff's wrist impairments but the ALJ is the one responsible for resolving disputes in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the medical evidence and record is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ's non-severity determination in regard to Plaintiff's wrist impairments is supported by substantial evidence. The ALJ's RFC, moreover, took Plaintiff's wrist impairments into account properly and was supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: September 9, 2013          */s/ John E. McDermott*
                                                      JOHN E. MCDERMOTT
                                                      UNITED STATES MAGISTRATE JUDGE